United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN CASEY PORTWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-4466 |
| | § | |
| SHERIFF TROY NEHLS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Glenn Casey Portwood, an inmate currently confined in the Bureau of Prisons, proceeds *pro se* and *in forma pauperis* in this civil rights action. Portwood alleges that on October 15, 2017, while he was detained in the Fort Bend County Jail, he received an improper dose of insulin that endangered his life. Portwood has submitted a complaint (Dkt. 8) and a more definite statement of his claims (Dkt. 13). Because this case is governed by the Prison Litigation Reform Act (PLRA), the court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Having considered the pleadings, the applicable legal authorities, and all matters of record, the Court **dismisses** this action for the reasons explained below.

## I.    BACKGROUND

Portwood alleges that officials at the Fort Bend County Jail, where he previously was incarcerated, denied him adequate medical care. He brings suit against five defendants:

(1) Sheriff Troy Nehls of Fort Bend County; (2) Nurse Damer at the Fort Bend County Jail; (3) Dr. Kahn at the Fort Bend County Jail; (4) the Attorney General of the State of Texas; (5) the president and chief executive officer (CEO) of Correctional Care Solutions (CCS). Portwood stats that Damer and Kahn are employed by CCS (Dkt. 13, at 2).

Portwood was diagnosed with diabetes in 2000 and has taken Novolog, or insulin, for approximately seven years. He alleges that, on October 15, 2017, at approximately 3:30 a.m., Damer administered an improper dose of insulin that could have caused his death. He states that, as a result of the improper dose, he suffered from dizziness, sweating, blurred vision, and shaking (*id.* at 2-3). At approximately 4:10 a.m., Portwood was transferred by ambulance to Oakbend Medical Center in Richmond, Texas, where he received treatment including a saline/glucose solution and monitoring of his blood sugar (*id.* at 3-4). He was released approximately five hours later. He states that the hospital physician told him that he would have died from the improper dose if he had not received treatment when he did, and that he felt exhausted, traumatized, and fearful about future insulin treatments when he left the hospital. He alleges that the fear and trauma have continued and that he is forced to skip breakfast in order to avoid the need for a morning insulin administration. He names several physicians who told him that the dosage he received on October 15, 2017, could have caused his death (*id.* at 4-6).

Portwood alleges that Nurse Damer is liable because she personally administered the improper dosage of insulin. He states that, if he had not questioned Damer's choice "based upon a label that looked out of place or unusual" he "would have died that day" (*id.*

at 8). He also alleges that Damer "relied on emergency personnel to resolve her mistake" (*id*. at 9). He claims that Damer knew of the risk to him because "[a]ny trained professional would double check the label of a dangerous drug prior to administering it" (*id*.).

Portwood also brings claims against Dr. Kahn, a supervising physician at the Fort Bend County Jail, for the events of October 15, 2017. When asked by the Court to explain how Dr. Kahn was personally involved in the violation of his rights, Portwood stated that Dr. Kahn "was personally and professionally responsible for all medical and pharmaceutical treatment provided by his staff or contractors" (*id*.). He states that Dr. Kahn "never directly examined [him] or administered medication to [him] but had authority and supervisory power over" the medical staff and contractors at the jail (*id*.) (alleging that Dr. Kahn failed to properly train Damer and did not ensure adequate supplies, systems, and protocols).

Portwood alleges that the Attorney General of the State of Texas is responsible for the contract and actions of CCS at the Fort Bend County Jail but "failed to provide standards and proper review committees or documentation" that would address "any and all [medical] deficiencies, malpractices, [or] negligence" (*id*. at 10).

Portwood also brings claims against Sheriff Nehls and against the CEO of CCS. Regarding Sheriff Nehls, he claims that Nehls was not personally involved in medical care but has an obligation to provide all inmates with adequate medical treatment and has the "ultimate authority" to recruit and train staff and to ensure inmates' safety (*id*. at 7). Regarding CCS, which he states provides contract healthcare at the jail, Portwood alleges

that the CEO is "ultimately responsible" to train employees and contractors and to ensure "safe and proper" medical care (*id.* at 11).

As relief for his claims, Portwood seeks $1.5 million in compensatory damages and $1.5 million in punitive damages "individually or severally" from all of the defendants (*id.* at 11-12).

## II.    LEGAL STANDARDS

Because the plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the PLRA to scrutinize the claims and dismiss the complaint at any time, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief"). A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*. Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.   ANALYSIS

As a preliminary matter, it appears that Portwood did not exhaust his administrative remedies before filing this suit (Dkt. 13, at 12). More fundamentally, his claims fail under the governing legal authorities.

Portwood alleges that the defendants violated his right to adequate medical care. Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d

859, 861 (5th Cir. 2002).[1] For inmates convicted of a crime, claims regarding denial of adequate medical care are governed by the Eighth Amendment's prohibition against "cruel and unusual" conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) (the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'"). A pretrial detainee's right to adequate medical care is protected by the Fourteenth Amendment. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). Although the record does not clearly indicate Portwood's status at the time his rights allegedly were violated, the same standard applies under either the Eighth or Fourteenth Amendments. *See id*.

To prevail on his constitutional claim, Portwood must demonstrate that the defendants exhibited "deliberate indifference" to his serious medical needs. *See Cleveland*, 938 F.3d at 676; *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). A plaintiff must show that the defendant: "(1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk." *Cleveland*, 938 F.3d at 676 (cleaned up); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff must show that the defendant acted, or failed to act, with deliberate indifference to the risk. *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than

---

[1] As pleaded by the plaintiff, CCS is a private entity that provides medical services at the jail. The Court will assume, for purposes of this opinion, that all defendants acted under color of law as required for a claim under § 1983.

an allegation of mere negligence, but less than an allegation of purpose or knowledge."

*Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015).

> It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. . . . The failure to alleviate a significant risk that the official should have perceived, but did not[,] is insufficient to show deliberate indifference.

*Domino*, 239 F.3d at 756 (cleaned up). "The mere delay of medical care can also constitute an Eighth Amendment violation but only if there has been deliberate indifference that results in substantial harm." *Easter*, 467 F.3d at 463 (cleaned up).

In this case, Portwood alleges that Nurse Damer personally administered an improper dosage of insulin that could have killed him, and "relied on emergency personnel to resolve her mistake" (Dkt. 13, at 8-9). He claims that Damer was aware of the risk to him at the time because "any trained professional" would know to double check the drug label before administering a dose (*id*. at 9). He also alleges that Damer was negligent. Because the deliberate indifference standard requires more than negligence or mistake, *see Hinojosa*, 807 F.3d at 665, these allegations fail to sufficiently plead a constitutional claim against Damer.

Regarding Dr. Kahn, Sheriff Nehls, and the CEO of CCS, Portwood alleges that they are liable as supervisors of the medical staff and medical contractors at the Fort Bend County Jail. However, a supervisory official may be held liable under § 1983 "only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he

implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (cleaned up). *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983"). A plaintiff seeking to establish "supervisor liability for constitutional violations committed by subordinate employees . . . must show that the supervisor acted, or failed to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Porter*, 659 F.3d at 446 (cleaned up) (emphasis original). A failure-to-supervise or failure-to-train claim also requires a showing of deliberate indifference by the supervisor. *See Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018); *Porter*, 659 F.3d at 446. Because Portwood has not adequately alleged that any of the supervisory defendants "affirmatively participated" in his medical care, nor that any of the three acted with deliberate indifference, he fails to state a claim upon which relief can be granted. Additionally, these claims against the supervisory defendants are predicated on Damer's administration of an improper dose to Portwood which, as stated above, fails to state a valid claim for relief under the Eighth or Fourteenth Amendments.

Portwood's constitutional claims will be dismissed for failure to state a claim on which relief can be granted. To the extent Portwood brings a state law claim such as negligence, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 because all of his federal claims have been dismissed. *See Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). These matters are more properly dealt with in

the state courts of Texas. *See Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well") (cleaned up).

## IV. CONCLUSION

For the reasons stated above, the Court now **ORDERS** as follows:

1. The plaintiff's federal claims are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) & 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

2. The plaintiff's state law claims, if any, are **DISMISSED without prejudice**. Portwood is advised that the period of limitations to file any state claims in state court is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *see also Artis v. District of Columbia*, 138 S. Ct. 594, 605 (2018) (holding that Congress provided in section 1367(d) "for tolling not only while the claim is pending in federal court, but also for 30 days thereafter").

3. All pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on _____September 30_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE